UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHAD KING,<br><br>  Plaintiff,<br><br>  v.<br><br> R. RIVERA, et al.,<br><br>  Defendants. | No. 2:17-cv-2245 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims officers used excessive force against him and refused to treat his injuries in violation of his Eighth Amendment rights. Presently before the court is plaintiff's complaint for screening (ECF No. 1) and his motion to proceed in forma pauperis (ECF No. 2). For the reasons set forth below the court will give plaintiff the option to proceed with the complaint as screened or to amend the complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**II.  Allegations in the Complaint**

Plaintiff alleges the events giving rise to his claim occurred while he was housed at High Desert State Prison ("HDSP"). (ECF No. 1 at 3.) He names as defendants (1) correctional officer Rivera; (2) correctional officer Hutchinson; (3) correctional officer Guzman; (4) correctional lieutenant Brown; (5) Registered Nurse Avila; and (6) Warden Spearman. (<u>Id.</u> at 2-3.)

Plaintiff alleges officers Rivera and Hutchinson told him he need to go to a committee hearing and plaintiff told them he did not want to go. Officers told plaintiff his attendance was mandatory

3

and if he refused to attend he would receive a rules violation. Plaintiff told officers his attendance was voluntary and stood up. As plaintiff turned around Rivera sprayed him with pepper spray. After plaintiff was handcuffed and on the ground, Rivera punched and kneed plaintiff and Hutchinson kicked plaintiff several times. (Id. at 3-4, 7.)

Plaintiff was taken to the program office where he told Nurse Avila he was in pain and having difficulty breathing. (Id. at 4.) He claims Avila refused to treat him.

Plaintiff claims that on November 29, 2016 officer Guzman threatened plaintiff by stating that he would harass plaintiff and bring false allegations against plaintiff. (Id. at 4-5.) Plaintiff alleges Brown was aware of the threat because he was present when it was made and Spearman was aware because plaintiff sent him a letter informing him of the threat. (Id. at 5.)

### III. Does Plaintiff State a Claim under § 1983?

#### A. Eighth Amendment Excessive Force

##### 1. Legal Standards

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for excessive force, the plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6 (1992).

However, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9 (citation omitted). That is, "[n]ot every push or shove . . . violates a prisoner's constitutional rights." Id. (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (citation and quotation omitted). Furthermore, "[prison] administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 6 (ellipses in original) (citation omitted).

////

4

### 2. Analysis

Plaintiff has alleged that defendant Rivera pepper sprayed him without provocation and that Rivera and Hutchinson punched, kicked, and kneed him while he was handcuffed. This is sufficient to state a claim for excessive force against defendants Rivera and Hutchinson.

### B. Eighth Amendment Failure to Protect

#### 1. Legal Standards

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis, and citations omitted).

#### 2. Analysis

Plaintiff has failed to allege sufficient facts to state a claim for failure to protect under the Eighth Amendment. Plaintiff has not alleged any facts from which defendants Brown and Spearman could have been aware of the risk that plaintiff would be subjected to excessive force by officers Rivera and Hutchinson. Plaintiff's statements that Brown and Spearman were aware that Guzman threatened to harass and bring false charges against plaintiff is not sufficient to show that he was at risk of harm from officers who were not involved in the threat. The complaint does not contain any specific facts connecting the threats made by Guzman to the actions of Rivera and Hutchinson. Awareness of a general threat does not show that defendants were aware of a serious
////

risk of harm. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) ("a mere suspicion that an attack will occur" is not enough to support a cognizable Eighth Amendment claim).

To the extent plaintiff claims that Brown and Spearman are liable for failing to protect plaintiff based on his supervisory position, such allegations are not sufficient to state a claim. Under § 1983, plaintiff must demonstrate that each defendant through his or her own individual actions, violated plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009). Liability may not be imposed on supervisory personnel under § 1983 on the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged any facts showing Brown and Spearman participated in the alleged rights violations. Nor has plaintiff alleged that they were aware of the risk of harm from officers Rivera and Hutchinson and failed to act to prevent such harm. Accordingly, plaintiff has not alleged sufficient facts to state a claim against defendants Brown and Spearman.

**C. Eighth Amendment Medical Care**

**1. Legal Standards**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

////

1    If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### 2. Analysis

Plaintiff claims he informed defendant Avila he was having difficulty breathing, but she refused to treat plaintiff causing him to remain in pain. Thus, plaintiff has stated sufficient facts to state a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment against defendant Avila.

### D. Conspiracy

#### 1. Legal Standards

In the context of conspiracy claims brought pursuant to § 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

////

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am., 865 F.2d at 1541).

Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under §1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act done by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage, or deprivation f any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

The Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi, 839 F.2d at 626. A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

**2. Analysis**

Plaintiff has failed to allege sufficient facts to show that defendants conspired to violate his rights. Plaintiff appears to base his claim of conspiracy on his allegation that all the defendants were aware of Guzman's threats; however, this is insufficient to show a conspiracy. To state a claim plaintiff must plead facts showing which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights. See Harris v.
////

Roderick, 126 F.3d 1189, 1196 (9th Cir. 1997). Accordingly, plaintiff's conspiracy claim will be dismissed with leave to amend.

### E. Retaliation in Violation of the First Amendment

#### 1. Legal Standards

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

#### 2. Analysis

Plaintiff has stated he filed an administrative appeal, which is protected conduct; however, he has not stated what his appeal was about and how it led to retaliation by the defendants. The complaint does not contain any facts that show a connection between his protected conduct and defendants alleged retaliatory conduct. Plaintiff must allege facts that support a reasonable inference that plaintiff's exercise of his constitutionally protected rights was the "substantial" or "motivating" factor behind the defendant's challenged conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citing Mt. Health City School Dist. Bd. of Educ. v. Doyle, 419 U.S. 274, 287 (1977)). Mere allegations of retaliatory motive or conduct will not suffice. A prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

Accordingly, plaintiff has failed to state a claim for retaliation in violation of the First Amendment. However, he will be given the opportunity to amend.

### AMENDING THE COMPLAINT

As set forth above, plaintiff has failed to state cognizable claims against defendants Guzman, Brown, and Spearman and has not alleged sufficient facts to state claims for failure to protect, conspiracy, or retaliation.

////

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 11) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's conspiracy and retaliation claims are dismissed for failure to allege sufficient facts to state a claim.
4. Plaintiff has failed to state any cognizable claims against defendants Guzman, Brown, and Spearman.
5. Plaintiff has the option to proceed immediately on his Eighth Amendment claims against defendants Rivera, Hutchinson, and Avila as set forth in Section III above, or to amend the complaint.
6. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.
7. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  November 27, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/prisoner-civil rights/king2245.scrn

12

|  |  |
|---|---|
| RASHAD KING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. RIVERA, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-2245 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Check one:

_____ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Rivera, Hutchinson, and Avila without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing his claims against defendants Guzman, Brown, and Spearman without prejudice.

_____ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Rashad King
　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se